**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**ANTHONY HAWKINS,**

    **Plaintiff,**

**vs.**                                                       **CASE NO. 1:07CV154-MP/AK**

**STATE OF FLORIDA, et al,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

    Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 against the State of Florida, the Alachua County Sheriffs Department, and Gainesville Police Department for withholding evidence and other alleged infractions with regard to his criminal case for which he is presently incarcerated. (Doc. 1). Plaintiff has filed another civil rights lawsuit also complaining about the evidence against him, which the Court has recommended be dismissed on grounds that his request for damages is Heck barred, and because his complaints against the prosecuting attorneys and his own counsel, which he contends resulted in an illegal incarceration, should best be brought in a habeas action, which he subsequently filed. See Hawkins v. Sean Brewer, et, Case No. 1:07cv24-MP/AK; Hawkins v. State of Florida, Case No. 1:07cv213-MP/AK (habeas petition).

    Plaintiff is, of course, barred from damages pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). A claim for damages that is

related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Heck, 114 S. Ct. at 2372. It is clear that the evidentiary complaints regarding the investigation and prosecution of his criminal case should be brought in a habeas petition, which Plaintiff has filed.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

**No. 1:07cv154-MP/AK**

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  This dismissal should constitute a strike within the meaning of 28 U.S.C. §1915(g).  Since this constitutes a third strike, the Clerk should be directed to place this litigant on the three strikes list and he is

precluded from filing any additional lawsuits without first showing that he is in imminent danger of serious physical injury.

**IN CHAMBERS** at Gainesville, Florida, this 2nd  Day of November, 2007.


**No. 1:07cv154-MP/AK**

<u>S/ A Kornblum</u>
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:07cv154-MP/AK**